3h  230
92  205

## Doe *ex dem.* Holley *v.* Curtis.

Where the grantor in the deed set out, that the consideration money was paid to a third person: *Held*, to be sufficient.

The deed described the promises as " being 178 acres of land on the west side of Biloxi (bay) on the sea shore, in the county of Jackson:" *Held*, to be void for want of certainty and excluded from the jury on trial.

There must be sufficient certainty in the description of the land to point to its locality, and distinguish it from other tracts of land.

ERROR to the circuit court of Hancock county.

This was an action of ejectment instituted by the lessors of the plaintiff, in the circuit court of said county, for the recovery of a tract of land on the bay of Biloxi. The verdict was for the defendant, and the plaintiff sued out his writ of error.

On the trial, and after the plaintiff had rested his case with the jury, the defendant Elizabeth Curtis, for the purpose of deriving title to the lands in controversy, from the grantor, one Richards, through whom the lessor of the plaintiff also claimed title, offered in evidence a deed from said Richards to one Thomas F. M'Caleb, which, after stating the date, parties, &c., was in these words: " The said Dorsette Richards, in consideration of the sum of 200 dollars of lawful money of this state, in hand paid John Ladner by the said Thomas F. M'Caleb, before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, have bargained, sold and delivered, and by these presents bargain, sell and deliver, unto the said Thomas F. M'Caleb, his heirs and assigns, a certain tract or parcel of land, lying, being and situate in the county of Jackson, on the sea coast, on the west side of Biloxi, containing one hundred and seventy-three acres."

To the reading of this deed in evidence to the jury the plaintiff's counsel objected on the following grounds.

1. That said deed was void for want of any consideration between the parties appearing on the face of the deed.

[Doe *ex dem.* Holley *v.* Curtis.]

2. That the deed was void for uncertainty in its description of the premises it purported to convey.

Both of which objections were overruled by the court, and the defendant was permitted to read the deed, and prove location, &c.

The defendant also offered to read in evidence a deed from Ladner to M'Caleb for the land in question, to which the plaintiff's counsel objected, on the ground, that by the introduction of the first deed, the defendant claimed title from Richards, through M'Caleb, and could not change her defence and claim title from Ladner. This objection was overruled, and the opinion of the court excepted to.

Other points, not necessary to be stated, were made in the cause.

Henderson, for the plaintiff in error.

On the first bill of exceptions, the court below erred in not rejecting the defendant's deed of Dorsette Richards to Thomas F. M'Caleb, under whom defendant claimed.

1. Because said deed was void for want of consideration, or, which is the same thing, a consideration of 200 dollars expressed to have been paid to a third party, without any fact or reason appearing in said deed, why such money was paid to a stranger instead of the grantor. Such consideration thus appearing, and passing to a stranger, raises no use as against the grantor, and no trust in him to the benefit of the grantee, but is without consideration as between the parties, and therefore void. 4 Cowen's Dig. 318, sect. 28; 2 Black. Comm. 296; 16 Johns. Rep. 528, 535. A deed is invalid which shows nothing in the shape of consideration to have been received. 3 Johns. Rep. 485; 9 Mass. Rep. 161; 1 Cowen, 639. And this objection is available to any one against whom such deed is exhibited. 16 Johns. Rep. 528, 535. This objection must be decided on by the court from the face of the deed. 3 Johns. Rep. 485; 9 Cowen, 250; 11 Wheaton, 325.

2. This deed is also void for the uncertainty of its description of the premises, " being one hundred and seventy-three acres of land, on the west side of Biloxi, on the sea shore, and in the county of Jackson."

The premises described must be so described that the mind

can be directed by reading the deed, and by following its references and calls, to find the land sold. All the grantor's land in such a town, or even county, might, perhaps, suffice in description. A lot, by No. of town plat, land adjoining some other person's land, or by any description which will distinguish its locality. Because, if void in its written description, parol evidence is not admissible to supply the omission. 1 Pick. Rep. 31; 16 Mass. Rep. 86; Sugd. Vend. 114, 115. To whatever landmark or locality, or other source or thing to which the "description" points the inquiry, parol evidence may be resorted to in conducting the inquiry and ascertainment, for the locality and boundary of the premises; but parol evidence to supply the description cannot be resorted to. This must be found with certainty, a sufficient certainty, in the deed. 4 Cruize's Dig. 206, sect. 29, p. 221, sect. 33; 4 Mass. Rep. 205; 13 Johns. Rep. 102–3; 8 Peters, 84.

Now the inquiry arising on this deed is, whether this "one hundred and seventy-three acres of land, on the west side of the Biloxi, and on the sea shore, and in the county of Jackson," is in the least possible degree, distinguishable from the same number of acres on the same side of Biloxi, on the same sea shore, and in the same county? Is there any mark, or matter, or thing, or locality, or bearing, or distance expressed in this description, that will enable or aid the most acute and sagacious, to find the land professed to be conveyed? There is no doubt the answer must be in the negative; and, therefore, this deed is void for uncertainty.

On the second bill of exceptions, we object that, after the plaintiff had rested his cause on proof of title derived from Dorsette Richards, and after the defendant had given in evidence a title deed under which she claimed the premises in controversy, from the same Dorsette Richards, the court below, then and thereafter, permitted the defendant to give in evidence, and to claim title under a deed from John Ladner to M'Caleb, defendant's grantor, to which we objected and excepted.

The point here relied on is, that before the defendant had offered this Ladner deed, Dorsette Richards had been established by deeds in evidence on both sides, to be the common source of title to both.

[Doe *ex dem.* Holley *v.* Curtis.]

In this position of the case, neither could gainsay Richards's title; both parties were estopped at this point, as both claimed under him. To suffer the defendant then, to offer evidence of title in himself, derived from another distinct source, was absurd and contradictory, and permitting defendant to impeach his own testimony. 6 Cowen, 689. But we prefer to place this objection where the law, by a uniform train of decisions, has placed it, on the ground of an estoppel. What is an estoppel? 8 Cowen, 543; 12 Wendel, 57; 7 Cowen, 642–3; 14 Johns. Rep. 224; 3 Peters's Rep. 48; Adams on Eject. 50; 4 Johns. Rep. 230, 210; 5 Johns. Rep. 248, &c. &c.

The above position is clear beyond a doubt; and, therefore, this exception must be sustained.

3. The third exception rests on the same ground, and is sustained by the same authorities as the second, viz: That as the defendant had given evidence of her claim of title under the plaintiff's grantor, Dorsette Richards, she was estopped to deny Richards's title, and could not, therefore, be permitted to show any outstanding title in Merrill under a tax sale; and this proof was also illegal and insufficient for any purpose. Same authorities as last cited.

4. A ground arises also, out of the principles which we contend for in the second exceptions. The facts being shown in the fourth bill of exceptions, by which it is seen the defendant did offer evidence of title in herself, derived from Richards, through whom plaintiff claimed title; the court below were bound to charge what is clearly established as the rule of law in such case, viz: That the defendant was estopped from denying Richards's title, by which, of course, the plaintiff would have been relieved of further proving Richards's title. The court below, in this behalf, most manifestly erred in refusing the charge asked for. Same authorities as last above cited.

Mr. Chief Justice SHARKEY delivered the opinion of the court.

The lessor of the plaintiff brought ejectment in the circuit court of Hancock county, for a tract of land on the bay of Biloxi. The defendant obtained a verdict, and the cause is brought up by writ of error. At the trial, several bills of exceptions were taken

to the decision of the court in admitting the title deeds of the defendant to go in evidence to the jury, and the points for our consideration, arise on the sufficiency of the deeds as evidence.

The first error assigned is, that the court erred in admitting as evidence to go to the jury, the deed offered by defendant, which is set forth in the first bill of exceptions, for the objections therein stated. Two objections were made to the deed here alluded to. 1. That it was void for want of consideration between the parties. 2. That it was void for want of certainty in the description of the premises it purported to convey. That part of the deed to which the first objection applies, is in these words, after stating the parties, to wit: " Witnesseth the said Dorsette Richards, in consideration of the sum of 200 dollars, lawful money of this state, paid John Ladner, by the said Thomas F. M'Caleb," &c. M'Caleb was the grantee, and the money, it would appear, was paid to Ladner.

The first objection to the deed was not well taken. The consideration expressed was 200 dollars, and although it was paid to Ladner, that can make no difference. It must be understood as a consideration passing for the benefit of the grantor. The language of the deed amounts to an acknowledgment to that effect, and is sufficient to sustain it. The authorities cited in support of the objection do not, by any means, sustain it.

The next objection to the deed was taken for want of certainty in the description of the land conveyed. The descriptive words used are these. " A certain tract or parcel of land lying, being and situate in the county of Jackson, on the sea coast, on the west side of Biloxi, containing one hundred and seventy-three acres." This description is entirely too vague. There must be sufficient certainty in the description of the land to point to its locality and distinguish it from other tracts of land. This deed would apply as well to one tract of land as another. It takes within its range the whole sea coast of Jackson county, embracing a distance of forty or fifty miles. Nothing is given to direct the mind to any particular place, or even to a particular neighborhood. For this reason the deed was void, and improperly admitted.

It is also assigned for error, that the court permitted the defendant to read as evidence, the deed from Ladner to M'Caleb, for

[Doe *ex dem.* Holley *v.* Curtis.]

the land in question, which deed is set out in the second bill of exceptions. The objection taken to this deed is, that the defendant, by the introduction of the first deed, had claimed title from Richards through M'Caleb, and that she could not change her ground and assume to derive title from Ladner. The disposition of the first error assigned, by declaring that the deed was improperly admitted, makes it unnecessary that we should give any opinion on the second. As the judgment must be reversed for this error, the deed from Richards to M'Caleb, cannot again be introduced on another trial, and, of course, the same objection cannot arise. For the same reason, it is also unnecessary to notice the other assignments of error.

Judgment reversed, cause remanded with *venire de novo.*